Katie D. Buxman, OSB No. 061452
Email: kb@mlrlegalteam.com
Alexander J. Brunino, OSB #173124
Email: ajb@mlrlegalteam.com
MALONEY LAUERSDORF REINER, PC
1111 E. Burnside Street, Suite 300
Portland, OR 97214
Telephone: (503) 245-1518
Facsimile: (503) 245-1417

Attorneys for Defendant
Mobilitas Insurance Company

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| KATHLEEN WHELAN, an individual,<br><br>Plaintiff,<br>v.<br><br>MOBILITAS INSURANCE COMPANY,<br><br>Defendant. | Civil No. 3:26-cv-01078-SB<br><br>**DEFENDANT'S MOTION TO DISMISS**<br><br>Oral Argument Requested |

# TABLE OF CONTENTS


**Page(s)**

I. LOCAL RULE 7.1(a) CERTIFICATION ..... 1

II. MOTION ..... 1

III MEMORANDUM OF LAW ..... 1

A. Introduction ..... 1

IV. RELEVANT BACKGROUND ..... 2

A. Summary of the Loss and Plaintiff's Underinsured Motorist Claim ..... 2

B. Insurance Policy Terms ..... 3

V. LEGAL STANDARDS ..... 4

A. Standard Applicable to Motion to Dismiss for Failure to State a Claim ..... 4

B. Federal Courts Sitting in Diversity Apply The Law of The Forum State ..... 5

C. Policy Interpretation ..... 5

VI. ARGUMENT ..... 6

A. Plaintiff's Complaint Must Be Dismissed Because The Claims Alleged Are Barred By the Policy's Suit Limitation Provision ..... 6

1. The Policy's suit limitation provision requires Plaintiff's action to be brought within two years of the date of the collision ..... 6

B. Plaintiff's Negligence and Negligence *Per se* Claims Must Be Dismissed Because She Does Not Allege Facts Sufficient to Show That The Alleged Negligence of Defendant Caused Serious Emotional Injury ..... 9

1. Plaintiff Does Not Allege Facts Sufficient to Show Serious Emotional Harm ..... 9

C. Plaintiff's Claim For Unjust Enrichment Must Be Dismissed Because The Policy is a Valid and Enforceable Contract That Displaces Her Claim For Unjust Enrichment ..... 14

1. Claims for Breach of Contract and Unjust Enrichment Cannot Be Concurrently Viable When A Contract Defines The Obligations of the Parties ..... 14


MALONEY | LAUERSDORF | REINER PC
ATTORNEYS AT LAW
1111 E. Burnside Street, Ste. 300
Portland, Oregon 97214
Telephone: 503.245.1518
Facsimile: 503.245.1417

D. Plaintiff's Claim for Fraudulent Misrepresentation Against a First-Party Insurer Over Payment of Benefits Must Be Dismissed Because Such a Claim Has Never Been Recognized in Oregon....17

VII. CONCLUSION ....18

MALONEY | LAUERSDORF | REINER PC
ATTORNEYS AT LAW
1111 E. Burnside Street, Ste. 300
Portland, Oregon 97214
Telephone: 503.245.1518
Facsimile: 503.245.1417

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Allstate Ins. v. State Farm Ins.*,
67 Or. App. 623, 679 P.2d 879 (1984)....................6

*Suitter v. Thompson et ux*,
225 Or. 614 358 P.2d 267 (1961)....................14

*Ashcroft v. Iqbal*,
556 U.S. 662, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009)....................4, 5

*Batten v. State Farm Mut. Auto. Ins. Co.*,
368 Or. 538, 495 P.3d 1222 (2021)....................6

*Bell Atl. Corp. v. Twombly*,
550 U.S. 544, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007)....................4

*Brown v. Elec. Arts, Inc.*,
724 F.3d 1235 (9th Cir. 2013)....................4

*Cobra Bldg. & Dev., Inc. v. Salem*,
59 Or. App. 441 (1982)....................15

*Cron v. Zimmer*,
255 Or. App. 114 (2013)....................14

*Crook v. Farmers Ins. Co. of Oregon*,
Lane County Circuit Court, Case No. 24CV16661....................12, 13, 14

*Emanuel Displaced Persons Ass'n 2 v. City of Portland*,
704 F. Supp. 3d 1088 (2023)....................15

*Erie Railroad v. Tompkins*,
304 U.S. 64 (1938)....................5

*Gillett v. Tucker*,
317 Or. App. 570 (2022)....................15

*Herman v. Valley Insurance Co.*,
145 Or. App. 124 (1996)....................5, 7, 8, 16

*Hoag Living Trust v. Hoag*,
292 Or. App. 34 (2018)....................15

*Hoffman Construction Co. v. Fred S. James & Co.*,
313 Or. 464, 836 P.2d 703 (1992) ....................6

*Kalhar v. Transamerica Ins. Co.*,
129 Or. App. 38, 877 P.2d 656 (1994)....................6, 7

*Larisa's Home Care, LLC v. Nichols-Shields*,
362 Or. 115 (2017)....................14, 15

*Levitt v. Yelp! Inc.*,
765 F.3d 1123 (9th Cir. 2014) ....................4

*Mangold v. California Pub. Utilities Comm'n*,
67 F.3d 1470 (9th Cir. 1995) ....................5

*Moody v. Or. Cmty. Credit Union*,
317 Or. App. 233 (2022)....................10

*Moody v. Or. Cmty. Credit Union*,
371 Or. 772, 542 P.3d 24 (2023) .................... *passim*

*North River Insur. v. Kowaleski*,
275 Or. 531, 551 P.2d 1286 (1976) ....................7

*Pearson v. Provident Life & Accident Ins. Co.*,
834 F. Supp. 2d 1199 (2004) ....................17, 18

*Philibert v. Kluser*,
360 Or. 698, 385 P3d 1038 (2016) ....................11, 13

*Ruede v. City of Florence*,
231 Or. App. 435, 220 P.3d 113 (2009)....................5

*Shutt v. Farmers Ins. Group*,
129 Or. App. 401, 879 P.2d 1303, *rev denied,* 320 Or. 272 (1994)....................6

*Ticknor v. Choice Hotels Int'l, Inc.*,
265 F.3d 931 (9th Cir. 2001) ....................5

*Tompkins v. 23andMe, Inc.*,
840 F.3d 1016 (9th Cir. 2016) ....................5

*Tupper v. Roan*,
349 Or. 211, 243 P.3d 50 (2010) ....................15

*Wright v. State Farm Mut. Auto. Ins. Co.*,
223 Or. App. 357 (2008)....................7, 8

MALONEY | LAUERSDORF | REINER PC
ATTORNEYS AT LAW
1111 E. Burnside Street, Ste. 300
Portland, Oregon 97214
Telephone: 503.245.1518
Facsimile: 503.245.1417

**Statutes**

ORS 742.240 .......... 7

ORS 742.504 .......... 6, 7

ORS 742.504(12) .......... 6

ORS 742.504 (12)(a) .......... 7

ORS 746.230 .......... 9, 10

**Other Authorities**

Fed. R. Civ. P. 12(b)(6) .......... 1, 4

LR 7-1(d) .......... 19

LR 7-2(b) .......... 19

*Restatement (Third) of Restitution and Unjust Enrichment* (2011) .......... 14

MALONEY | LAUERSDORF | REINER PC
ATTORNEYS AT LAW
1111 E. Burnside Street, Ste. 300
Portland, Oregon 97214
Telephone: 503.245.1518
Facsimile: 503.245.1417

## I. LOCAL RULE 7.1(a) CERTIFICATION

Pursuant to Local Rule 7.1(a), counsel for Defendant Mobilitas Insurance Company has made a good faith effort to confer with counsel for Plaintiff regarding this motion and the parties were unable to reach a resolution.

## II. MOTION

Defendant Mobilitas Insurance Company hereby moves under Fed. R. Civ. P. 12(b)(6) to dismiss all claims for relief asserted in the Complaint because they fail to state a viable claim upon which relief can be granted for the reasons discussed below.

This Motion is supported by the following Memorandum of Law, and the concurrently filed Declaration of Alexander Brunino in Support of Defendant's Motion to Dismiss ("Brunino Decl.").

## III. MEMORANDUM OF LAW

### A. Introduction.

This matter arises from a motor vehicle collision that occurred on August 15, 2022, wherein Plaintiff alleges that she sustained personal injuries. Plaintiff made a claim for underinsured motorist benefits in relation to the collision in March of 2024 under a policy of insurance issued by Defendant. Defendant did not accept coverage for Plaintiff's underinsured motorist ("UIM") claim. After having no contact with Plaintiff for the following two years, Plaintiff filed suit against Defendant on April 7, 2026, alleging a laundry list of claims relating to Defendant not paying UIM benefits.

Pursuant to Fed. R. Civ. P. 12(b)(6) Defendant now moves the Court for an order dismissing the Complaint because each and every claim alleged fails to state a viable claim upon which relief can be granted. First, Plaintiff's lawsuit is precluded because she did not satisfy the suit limitation provision in insurance policy. Moreover, if the Court is not persuaded that the suit

limitation provision precludes Plaintiff's lawsuit, Defendant moves against individual claims for the reasons more thoroughly discussed below.

## IV. RELEVANT BACKGROUND

### A. Summary of the Loss and Plaintiff's Underinsured Motorist Claim.

Defendant, Mobilitas Insurance Company ("Mobilitas") issued a Business Auto Coverage Form including endorsements (the "Policy") to the peer-to-peer rideshare platform, Lyft, Inc. Brunino Decl., Ex. 1. Plaintiff participates as a driver utilizing the Lyft platform. Complaint ¶6. On August 15, 2022, Plaintiff was the driver of a vehicle that was involved in a rear end collision in the City of Tigard, Oregon (the "collision"). *Id.* at ¶¶6 – 7. It is not disputed that, at the time of the collision, Plaintiff was participating in Lyft's peer-to-peer rideshare program . *Id.* at ¶6, and Brunino Decl., ¶4.

Nineteen months later, on March 20, 2024, Plaintiff contacted Defendant to report that they had reached an agreement to resolve their claims against the driver responsible for causing the collision, and requested that a UIM claim be opened for Plaintiff. Complaint ¶ 13. Over the next several months, Plaintiff renewed their request that a UIM claim be opened, but did not receive a response from Defendant. Complaint ¶22. After not receiving a response from Defendant, Plaintiff executed their agreement to resolve their claim against the at fault driver on July 15, 2024.

Almost four years after the collision, and more than two years after first asking Defendant to open a UIM claim, on April 7, 2026, Plaintiff filed suit against Defendant alleging various causes of action for unpaid UIM benefits and Defendant's alleged mishandling of Plaintiff's UIM claim. *See generally*, Complaint. The causes of action alleged by Plaintiff are: 1) Breach of Contract; 2) Breach of the Covenant of Good Faith and Fair Dealing; 3) Negligence;



MALONEY | LAUERSDORF | REINER PC
ATTORNEYS AT LAW
1111 E. Burnside Street, Ste. 300
Portland, Oregon 97214
Telephone: 503.245.1518
Facsimile: 503.245.1417

4) Negligence *Per se*; 5) Unjust Enrichment; 6) Fraudulent Misrepresentation; and 7) Declaratory Judgment that she is entitled to recover $29,500 in unpaid UIM benefits. Defendant now moves against all claims.

**B. Insurance Policy Terms.**

The policy issued by Defendant to Lyft was in effect from October 1, 2021 to October 1, 2022. Plaintiff, who at the time of the collision was participating as a driver for the peer-to-peer ride sharing Platform, Lyft, seeks UIM benefits under the Policy. The Policy contains an Oregon Uninsured Motorist Coverage – Bodily Injury endorsement, which, in turn, includes a provision that sets out when an action may be brought against Mobilitas. That provision states, in relevant part:

> **E. Changes in Conditions**
>
> The Conditions are changed for Uninsured Motorist Coverage as follows:
>
> ***
>
> **3. Legal Action Against Us**
>
> **a.** No one may bring a legal action against us under this Coverage Form until there has been full compliance with all the terms of this Coverage Form.
>
> **b.** No cause of action shall accrue to an "insured" under this coverage unless within two years from the date of the "accident":
>
> **(1)** Agreement as to the amount due under this Coverage Form has been concluded;
>
> **(2)** We or the "insured" has formally instituted arbitration proceedings;
>
> **(3)** The "insured has filed an action against us; or

MALONEY | LAUERSDORF | REINER PC
ATTORNEYS AT LAW
1111 E. Burnside Street, Ste. 300
Portland, Oregon 97214
Telephone: 503.245.1518
Facsimile: 503.245.1417

> **(4)** An action for "bodily injury" has been filed against the uninsured motorist and, within two years from the "date of settlement" or "final judgment" against the uninsured motorist, the "insured" has:
>
> **(a)** Formally instituted arbitration proceedings against us; or
>
> **(b)** Filed an action against us.

Brunino Decl., Ex. 1, pp. 40-41.

## V. LEGAL STANDARD

### A. Standard Applicable to Motion to Dismiss for Failure to State a Claim.

To survive a Rule 12(b)(6) motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007)). A complaint "does not need detailed factual allegations," but there "must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555.

The "complaint must allege factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Levitt v. Yelp! Inc.*, 765 F.3d 1123, 1134–35 (9th Cir. 2014) (internal quotation marks and citation omitted). The court must construe all factual allegations in the light most favorable to the non-moving party but is not required to make "unreasonable inferences or assume the truth of legal conclusions cast in the form of factual allegations." *Brown v. Elec. Arts, Inc.*, 724 F.3d 1235, 1248 (9th Cir. 2013) (citation omitted). This is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679. "Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between

MALONEY | LAUERSDORF | REINER PC
ATTORNEYS AT LAW
1111 E. Burnside Street, Ste. 300
Portland, Oregon 97214
Telephone: 503.245.1518
Facsimile: 503.245.1417

possibility and plausibility of entitlement to relief." *Id*. at 678 (internal quotation marks omitted) (citing *Twombly*, 550 U.S. at 557).

**B. Federal Courts Sitting in Diversity Apply The Law of The Forum State.**

Federal courts sitting in diversity apply the substantive law of the forum state, which, in this case, is Oregon. *Erie Railroad v. Tompkins*, 304 U.S. 64, 78 (1938). When applying state law, a federal court is bound by the decisions of the state's highest court. *Ticknor v. Choice Hotels Int'l, Inc.*, 265 F.3d 931, 939 (9th Cir. 2001). Where there is no binding decision on a relevant issue of law, the federal court must apply the law as it determines the state's highest court would apply it. *See id.* The federal court's duty "is to ascertain and apply the existing [state law], not to predict that [the state] may change its law." *Mangold v. California Pub. Utilities Comm'n*, 67 F.3d 1470, 1479 (9th Cir. 1995) (internal quotation marks omitted). In ascertaining how a state's highest court would apply state law, the federal court may consider "intermediate appellate court decisions, decisions from other jurisdictions, statutes, treatises and restatements for guidance." *Tompkins v. 23andMe, Inc.*, 840 F.3d 1016, 1023 (9th Cir. 2016) (internal citations omitted).

**C. Policy Interpretation.**

The interpretation of an insurance policy is a question of law. *Herman v. Valley Insurance Co.*, 145 Or. App. 124, 128 (1996). Oregon law provides that if the terms of an insurance policy are unambiguous, with only one plausible meaning, then courts apply the unambiguous provisions as a matter of law. *Ruede v. City of Florence*, 231 Or. App. 435, 441, 220 P.3d 113 (2009) (stating, "If the policy has only one plausible meaning," then courts "apply that meaning and engage in no further analysis").

In interpreting insurance policy provisions under Oregon law, courts first look to the terms of the insurance contract. *Hoffman Construction Co. v. Fred S. James & Co.,* 313 Or. 464, 469, 836 P.2d 703 (1992). Just as in other contracts, the primary goal in construing insurance contracts is to determine the intent of the parties. *Shutt v. Farmers Ins. Group,* 129 Or. App. 401, 404, 879 P.2d 1303, *rev denied,* 320 Or. 272 (1994). Where the contract unambiguously expresses the intent to provide coverage or to not provide coverage, the contract language is controlling. Where the insurance contract language is not ambiguous, courts "will apply those terms and will not create coverage where none was intended by the contract." *Allstate Ins. v. State Farm Ins.,* 67 Or. App. 623, 627, 679 P.2d 879 (1984).

## VI. ARGUMENT

### A. Plaintiff's Complaint Must Be Dismissed Because The Claims Alleged Are Barred By the Policy's Suit Limitation Provision.

#### 1. The Policy's suit limitation provision requires Plaintiff's action to be brought within two years of the date of the collision.

Under ORS 742.504, insurance policies that include uninsured motorist benefits must provide coverage that is not less favorable to the insured than what is set forth in the statutory "model policy" in ORS 742.504. See *Batten v. State Farm Mut. Auto. Ins. Co.,* 368 Or. 538, 542, 495 P.3d 1222 (2021). Suit limitation provisions, like the Policy's Legal Action Against Us provision, is expressly authorized by Oregon's UIM statute. ORS 742.504(12); *see also Kalhar v. Transamerica Ins. Co.*, 129 Or. App. 38, 42, 877 P.2d 656, 658 (1994). The statutory suit limitation provision provides:

> (a) The parties to this coverage agree that no cause of action shall accrue to the insured under this coverage unless within two years from the date of the accident:
>
> > (A) Agreement as to the amount due under the policy has been concluded;

> (B) The insured or the insurer has formally instituted arbitration proceedings;
>
> (C) The insured has filed an action against the insurer; or
>
> (D) Suit for bodily injury has been filed against the uninsured motorist and, within two years from the date of settlement or final judgment against the uninsured motorist, the insured has formally instituted arbitration proceedings or filed an action against the insurer.

ORS 742.504 (12)(a). The statutory model language mirrors the "Legal Action Against Us" provision in the Policy discussed in section II.B *supra*, which requires legal action under the Policy to be brought within two years of the date of the accident unless the claimant takes certain action. *Id*, and Brunino Decl., Ex. 1, pp. 40-41.

Under Oregon law, a suit limitations provision in an insurance policy "precludes an insured from starting an action against its insurer once the limitation period has passed, regardless of the extent of coverage." *Herman v. Valley Ins. Co.*, 145 Or. App. 124, 127-28, 928 P.2d 985 (1996) [1]; *see also North River Insur. v. Kowaleski*, 275 Or. 531, 534, 551 P.2d 1286 (1976). The Oregon Court of Appeals recognizes that "ORS 742.504 specifically allows an insurer to require that, within two years of the accident, the insured file suit against the uninsured motorist, reach an agreement with the insurer, or demand arbitration of an uninsured motorist claim in order to be entitled to uninsured motorist benefits." *Kalhar,* 129 Or. App. at 42, 877 P.2d at 658.

---

[1] In *Herman* the Court of Appeals considered the application of a suit limitations provision in a fire insurance policy and that the statutory suit limitation provision applicable to fire policies in ORS 742.240. Subsequently, the Court of Appeals recognized in *Wright v. State Farm Mut. Auto. Ins. Co.*, 223 Or. App. 357 (2008), that the interpretation and application of suit limitation provisions in fire policies and fire loss claims are analogous to the interpretation and application of suit limitation provisions in auto policies and UIM claims ("*Herman* involved a provision analogous to ORS 742.504(12)(a), ORS 742.240, which requires that a fire insurance policy contain the [suit limitation provision of ORS 742.240.). *Herman* is binding and persuasive authority.

Oregon law recognizes that suit limitation provisions are contract conditions. *See, e.g., Herman,* 145 Or. App. 124 at, and *Wright v. State Farm Mut. Auto. Ins. Co.*, 223 Or. App. 357 (2008). As a contract condition, the failure to satisfy the provision does not nullify insurance coverage, but rather, it operates to preclude an insured from starting a lawsuit against the insurer when the policy limitation is not honored, regardless of the extent of underlying coverage. *Herman* 145 Or. App. at 131. In asserting a suit limitation provision in defense of a policy holder's action on the policy, insurance companies are not required to show that the policy holder's failure to comply with the provision caused prejudice to the insurer. *Id.* at 132.

As the court in *Herman* explained, imposing a requirement upon the insurer to show prejudice undermines the legislatively mandated suit limitation provision, and would effectively repeal statutes authorizing suit limitation provisions. *Id.* Suit limitation provisions serve the purpose of enabling the insurer to fix its present and future liabilities and to close stale claim files. *Id*. at 132-133. Without such limitation provisions, an insurer could not accurately forecast its future liabilities, set aside proper reserves, or close claim files. *Id.* at 133.

Here, there is no dispute that Plaintiff did not comply with the Policy's suit limitation provision. Plaintiff alleges that she was involved in a motor vehicle collision on August 15, 2022. Complaint ¶6. Plaintiff does not allege to have satisfied, nor did satisfy, any of the four conditions in the policy's Legal Action Against Us suit limitation provision within two years of the collision. Then, Plaintiff filed suit against Defendant on April 7, 2026 alleging a laundry list of claims in relation to Defendant's non-payment of UIM benefits. *See generally* Complaint. The Complaint was filed nearly four years after the collision giving rise to Plaintiff's UIM claim, and is therefore nearly two years too late. Plaintiff's lawsuit is precluded for non-compliance with the suit limitation provision. Accordingly, this Court should apply the unambiguous terms

MALONEY | LAUERSDORF | REINER PC
ATTORNEYS AT LAW
1111 E. Burnside Street, Ste. 300
Portland, Oregon 97214
Telephone: 503.245.1518
Facsimile: 503.245.1417

of the Policy, and dismiss with prejudice Plaintiff's Complaint for failing to state a viable claim upon which relief can be granted.

### B. Plaintiff's Negligence and Negligence *Per se* Claims Must Be Dismissed Because She Does Not Allege Facts Sufficient to Show That The Alleged Negligence of Defendant Caused Serious Emotional Injury.

#### 1. Plaintiff Does Not Allege Facts Sufficient to Show Serious Emotional Harm.

Even if this Court is persuaded that Plaintiff's negligence and negligence *per se* claims are not barred by the Policy's suit limitation provisions, these claims must nevertheless be dismissed because they fail to state ultimate facts upon which relief may be granted. Plaintiff does not allege facts demonstrating that Defendant negligently caused Plaintiff "serious emotional distress," or that contractual damages (UIM benefits) can be recovered through a negligence action that the Oregon Supreme Court limited to recovery for "severe emotional distress[2]."

Plaintiff bases her negligence and negligence *per se* claims on alleged violations of ORS 746.230 (Complaint ¶¶35 – 44), and these causes of action were first recognized by the Oregon Supreme Court in *Moody v. Or. Cmty. Credit Union*, 371 Or. 772, 542 P.3d 24 (2023). *Moody* recognized a viable negligence claim against a life insurer for failing to properly investigate and settle a life insurance claim. *Moody*, 371 Or at 804-805. The *Moody* case concerned a policyholder who had purchased a $3,000 life insurance policy with his wife as the sole beneficiary. *Moody*, 371 Or. at 775. Mr. Moody was later accidentally shot and killed by a

[2] For her negligence and negligence per se claims Plaintiff is seeking "economic damages in the amount of TWENTY-NINE THOUSAND FIVE HUNDRED and 00/100 DOLLARS ($29,500.00), representing the remaining unpaid Underinsured Motorist (UIM) coverage available under the Policy after applying all appropriate credits…" Complaint ¶¶39, and 44.

MALONEY | LAUERSDORF | REINER PC
ATTORNEYS AT LAW
1111 E. Burnside Street, Ste. 300
Portland, Oregon 97214
Telephone: 503.245.1518
Facsimile: 503.245.1417

friend while on a camping trip. *Id*. Toxicology reports showed the presence of marijuana in his system. *Id*. Mrs. Moody made a claim for the life insurance benefits, and the insurer denied the claim without any investigation based on an exclusion for death resulting from the use of intoxicants, despite there being no indication of a causal connection between the marijuana and the shooting. *Id.; see also Moody v. Or. Cmty. Credit Union*, 317 Or. App. 233 (2022) (including additional factual background about Mrs. Moody's claims).

Mrs. Moody, as the sole beneficiary of the life insurance policy, then alleged a negligence claim against the insurer, seeking damages caused by the insurer's negligent performance of its obligations under ORS 746.230, Oregon's Unfair Claim Settlement Practices Act (UCSPA). Specifically, the plaintiff alleged that the insurer failed to reasonably investigate and promptly settle her claim. The trial court dismissed plaintiff's claim, holding that her only remedy was contractual. *Moody*, 371 Or. at 776.

The Court of Appeals reversed the trial court and Oregon Supreme Court ultimately affirmed the Court of Appeals noting that it had previously permitted common law negligence claims in the absence of physical harm when a defendant "negligently causes foreseeable, serious emotional distress and also infringes some other legally protected interest." *Id*. at 784. The Court engaged in an extensive analysis to determine whether an alleged violation of the UCSPA qualified as the requisite infringement of a "legally protected interest" to support plaintiff's negligence action. *Id.* at 789-800. The court concluded the UCSPA did indicate the existence of plaintiff's legally protected interest needed to sustain a negligence action. *See id.*, at 800, 804.

The *Moody* court also noted that, in addition to alleging a violation of the UCSPA, to allege a viable negligence claim, the plaintiff's allegations must show "objective indicators of possibly serious emotional injury." *Moody*, 371 Or. at 803 (citing *Philibert v. Kluser*, 360 Or.

698, 715, 385 P3d 1038 (2016). Courts look for such objective indicators to ensure that permitting tort recovery (including liability for emotional distress damages) "will not impose an unfair burden on defendants." *Moody*, 371 Or. at 803.

In *Moody*, the court observed that the requisite "objective indicators of possibly serious emotional injury" had been present in the earlier *Philibert* case. In *Philibert*, plaintiffs were two brothers who had watched their third brother die in a collision, but the plaintiffs themselves were not physically impacted in the collision. *Philibert*, 360 Or. at 703-04. The court ultimately recognized their viable negligence claim in the absence of physical harm, but decided to limit such bystander emotional injury claims to those where (1) the bystander perceives the event contemporaneously, and (2) is a close family member of a person suffering the bodily injury. *Id.* at 711.

The court "imposed the requirements of personal observation of the injury and injury to a close relative because, 'on the basis of human experience,' [the Court] considered them to be 'objective indicators of possible serious emotional injury,' and therefore more likely to be genuine." *Moody*, 371 Or. at 787 (citing *Philibert*, 360 Or. at 715). The emotional injury must be "the emotional equivalent of a physical injury," not "an unavoidable and essential part of life." *Philibert*, 360 Or. at 707, 713.

In *Moody*, the court found these objective indicators were present as well. *Moody*, 371 Or. at 803. The court noted that Mrs. Moody's case involved life insurance, which "is intended to provide peace of mind and necessary resources for a beneficiary, and a life insurer's unreasonable denial of promised benefits can certainly cause the beneficiary serious emotional injury." *Id.* The court also found "[t]here are objective indicators of such [serious emotional] injury in that the death of a spouse is a significant loss, and that loss is compounded when the

death is sudden and the person who loses the spouse is dependent on the spouse for their financial well-being. The spousal relationship and the need for insurance benefits can be objectively established, as can the unreasonable conduct of the insurer." *Id.* at 804.

While extending negligence liability to the insurance context, the Court was careful to conclude with a warning about how its extension was narrowly limited to the unusual facts and circumstances of Mrs. Moody's life insurance claim ("the surviving spouse of a deceased breadwinner") and should not be applied, as Plaintiff does here, to ordinary UIM claims involving a garden variety allegations of non-economic damages:

> We caution that our conclusion here does not make every contracting party liable for negligent conduct that causes purely psychological damage, nor does it make every statutory violation the basis for a common-law negligence claim for emotional distress damages. Far from it. Few contracting parties promise to provide necessary financial resources on the death of a spouse knowing that their obligation to act reasonably in doing so is required by statute. And few statutes impose obligations on contracting parties designed to protect the parties from the type of emotional harm that plaintiff in this case allegedly suffered. Our decision in this case is a narrow one that applies and accords with the limiting principles that have guided our past decisions and does not unfairly expose defendant to liabilities that it could not have expected and guarded against.

*Id*. at 805-06.

Plaintiff's claim here fails to state, and cannot state under the circumstances of this case, ultimate facts that show how her negligence and negligence *per se* claims includes the type of objective indicators and the requisite "serious emotional injury" that the Supreme Court contemplated in *Moody*.

The case *Crook v. Farmers Ins. Co. of Oregon*, Lane County Circuit Court, Case No. 24CV16661 is directly on point. Brunino Decl., Ex. 2. Judge Karrie K. McIntyre's ruled that a

MALONEY | LAUERSDORF | REINER PC
ATTORNEYS AT LAW
1111 E. Burnside Street, Ste. 300
Portland, Oregon 97214
Telephone: 503.245.1518
Facsimile: 503.245.1417

plaintiff alleging frustration over the submissions settlement of her claim for Underinsured Motorist coverage did not state a claim for negligence because she "does not allege an emotional injury that rises to the level of a serious emotional injury for a necessary element." *Id.* at p.4 Plaintiff's negligence claim was dismissed with prejudice pursuant to Defendant's Motion to Dismiss. *Id.*

Like in *Crook,* Plaintiff in the case at bar alleges emotional injury stemming from nothing more than customer service complaints. Complaint, ¶¶ 35 – 44. Defendant, at worst, did not give Plaintiff exactly what she wanted when she wanted it. *Id.* Like *Crook*, Plaintiff here alleges injuries that amount to frustration with submissions for and settlement of her UIM claim. Brunino Decl., Ex. 2, pp. 3-4. There are no further facts alleging how this resulted in a serious emotional injury to her. These circumstances are a far cry from "the surviving spouse of a deceased breadwinner" that the Supreme Court in *Moody* recognized as demonstrating the objective indicators of serious emotional harm.

Plaintiff's Complaint does not and cannot allege facts showing a serious emotional injury on par with *Moody* or *Philibert*. This matter is more akin to *Crook*. While perhaps frustrating for Plaintiff's counsel to not receive a response to their inquiries regarding Plaintiff's UIM claim when they would have liked, based on human experience, that frustration does not amount to the type of objective indication of serious emotional injury that is required to state a cause of action for negligence and negligence *per se*. *Moody,* 371 Or. at 804. It is not "the emotional equivalent of a physical injury." *Philibert*, 360 Or. at 707, 713. The inescapable fact is, Plaintiff's allegations do not compare to the emotional anguish of a widow without resources who is denied needed life insurance benefits, or someone who witnesses a sibling's death in a collision in real time.

Because Plaintiff has not alleged the requisite "serious emotional injury," this Court should dismiss her Third and Fourth claims for relief (Negligence and Negligence *per se*). Moreover, because there are no set of facts by which the non-payment of excess UIM insurance benefits can rise to the requisite level of serious emotional harm required by *Moody*, Plaintiff's third and fourth claims should be dismissed with prejudice in line with *Crook*.

### C. Plaintiff's Claim For Unjust Enrichment Must Be Dismissed Because The Policy is a Valid and Enforceable Contract That Displaces Her Claim For Unjust Enrichment.

#### 1. Claims for Breach of Contract and Unjust Enrichment Cannot Be Concurrently Viable When A Contract Defines The Obligations of the Parties.

Plaintiff's fifth cause of action is for unjust enrichment. Complaint ¶¶45-48. Even if the Court is persuaded that Plaintiff's claim for unjust enrichment is not barred by the policy's suit limitation provision, it must be dismissed because there is no legal authority under Oregon law recognizing a claim for unjust enrichment where a breach of contract claim may otherwise exist.

The Oregon Supreme Court has robustly addressed the doctrine of unjust enrichment and closely follows the *Restatement (Third) of Restitution and Unjust Enrichment* (2011) emphasizing that it is a legal theory grounded in equity. *Larisa's Home Care, LLC v. Nichols-Shields*, 362 Or. 115 (2017). In *Larisa's Home Care*, the court described its approach to unjust enrichment as "incremental rule development on a case-by-case basis, based on recognized grounds for imposing liability." 362 Or at 127-28; *citing Tupper v. Roan*, 349 Or. 211, 220, 243 P.3d 50 (2010), *and Suitter v. Thompson et ux*, 225 Or. 614, 625 358 P.2d 267 (1961). Opting instead for a case-by-case approach, Oregon has rejected a formulaic approach to unjust enrichment claims[3], and instead directed courts to examine whether the circumstances of a

[3] Previously, in *Cron v. Zimmer*, 255 Or. App. 114 (2013), the Oregon Court of Appeals articulated a three-element

MALONEY | LAUERSDORF | REINER PC
ATTORNEYS AT LAW
1111 E. Burnside Street, Ste. 300
Portland, Oregon 97214
Telephone: 503.245.1518
Facsimile: 503.245.1417

specific case align with established legal categories of unjust enrichment as reflected in Oregon case law and other authorities. *Larisa's Home Care*, 362 Or. at 128. ("[C]ourt's should decide whether 'any particular enrichment is unjust by examining whether the case type matches already recognized forms of unjust enrichment.'" *See also Hoag Living Trust v. Hoag*, 292 Or. App. 34 (2018), *Emanuel Displaced Persons Ass'n 2 v. City of Portland*, 704 F. Supp. 3d 1088 (2023).

The remedies for unjust enrichment are equitable in nature, and the imposition of a constructive trust and restitution are the most typical remedies. *Tupper,* 349 Or. at 219 ("the concept of constructive trust does not stand on its own as a substantive claim, but exists solely as an equitable remedy, available to divest an individual who has been unjustly enriched of property that he or she 'ought not, in equity and good conscience, hold and enjoy.'"). Similarly, restitution seeks to restore to the plaintiff a benefit conferred upon the defendant that, in equity and good conscience, the defendant should not retain. *Cobra Bldg. & Dev., Inc. v. Salem*, 59 Or. App. 441 (1982). Courts have recognized that restitution and constructive trusts are parallel methods of achieving substantial justice by preventing unjust enrichment. *Id.*

Moreover, the Oregon Court of Appeals, citing the *Restatement (Third)* §2*,* notes that "a valid enforceable contract defines the obligations of the partiesas (sic) to matters within its scope, displacing to that extent any inquiry into unjust enrichment. *Gillett v. Tucker,* 317 Or. App. 570, 582 (2022). In continuing to follow the *Restatement (Third)* §2 *comment c*, the court further noted "Restitution is accordingly subordinate to contract as an organizing principle of

---

test for unjust enrichment: (1) a benefit conferred, (2) awareness by the recipient of the benefit, and (3) it being unjust to allow the recipient to retain the benefit without payment. *Cron*, 255 Or. App. at 130. The Oregon Supreme Court in *Larisa's Home Care* rejected this rigid framework. 362 Or. at 131.

private relationships, and the terms of an enforceable agreement normally displace any claim of unjust enrichment within their reach." In other words, in circumstances where a contract exists and contract remedies are available, claims for unjust enrichment are not viable.

Claims for unjust enrichment and breach of contract arising from the same conduct cannot concurrently exist, but Plaintiff nevertheless alleges both theories in her Complaint. *See* Complaint ¶¶24 – 29, and 45 – 48. Plaintiff similarly seeks precisely the same remedy in relation to both claims: the balance of unpaid UIM benefits in the amount of $29,500. *Compare* Complaint ¶¶29 *and* 48. As stated throughout, the policy is a valid and enforceable contract even though Plaintiff failed to meet the suit limitation provision thereby precluding her from filing a lawsuit to recover benefits[4]. The terms of the policy define the obligations of the parties. To the extent that Plaintiff seeks UIM benefits that she alleges are derived from the obligations defined in the policy the appropriate remedy is a contract remedy and her claim for unjust enrichment is thusly displaced.

That Plaintiff failed to satisfy the suit limitation provision and is barred from asserting legal action against Defendant does not make her unjust enrichment claim any more viable. Allowing an unjust enrichment claim to proceed simply because Plaintiff's own conduct precluded her from bringing a lawsuit would allow Plaintiff to make an end-run around the Policy terms and reap a windfall. Such a result would be patently inequitable notwithstanding that Oregon law mandates that claims for unjust enrichment are based in equity. Following Oregon's case-by-case approach to claims for unjust enrichment that tracks with existing

---

[4] Recall that, pursuant to the suit limitation provision discussed in Section IV.A *supra*, and Plaintiff's failure to satisfy the provision does not nullify insurance coverage, but rather it operates to preclude an insured from starting a lawsuit against the insurer when the policy limitation is not honored, regardless of the extent of underlying coverage. *Herman*, 145 Or. App. at 131.

authority, Defendant notes that there is exactly zero legal authority to support the notion that a Plaintiff may assert an unjust enrichment claim to recover UIM benefits when a contract action otherwise existed.

Because Plaintiff alleges that a valid and enforceable insurance contract exists her claim for unjust enrichment is not viable and must be dismissed with prejudice for failing to state a claim upon which relief can be granted.

### D. Plaintiff's Claim for Fraudulent Misrepresentation Against a First-Party Insurer Over Payment of Benefits Must Be Dismissed Because Such a Claim Has Never Been Recognized in Oregon.

For her sixth cause of action, Plaintiff alleges a claim for fraudulent misrepresentation based on Defendant's non-payment UIM benefits to Plaintiff in relation to the collision. Oregon has never recognized a cause of action for fraudulent misrepresentation against a first-party insurer for the non-payment of benefits like Plaintiff alleges here. *Pearson v. Provident Life & Accident Ins. Co.*, 834 F. Supp. 2d 1199, 1205 (2004). ("And while Plaintiff refers to a few cases in which other courts considered fraud claims against an insurance company in the context of a first party claim for benefits, there are no cases where the State of Oregon has held that such a claim exists."). *Pearson* is on point and dispositive of the fraudulent misrepresentation claim that Plaintiff tries to advance in the case at bar. It must therefore be dismissed with prejudice.

In *Pearson*, the court readily granted the defendant insurer's Motion to Dismiss a common-law action for fraud where, like here, the Plaintiff alleged that a first-party insurer was liable for fraud by collecting insurance premiums with no intent to pay claims under the policy based on the non-payment of benefits. 834 F. Supp. 2d at 1205. The plaintiff in *Pearson* purchased a disability insurance policy from the defendant that protected the plaintiff in the event

that he became unable to perform the material duties of his occupation. *Id.* at 1201. Thereafter, the plaintiff claimed that he suffered from depression and that his depression continued to worsen despite treatment. *Id.* Eventually, the plaintiff resigned from his job as a result of his depression, so he made a disability claim under the policy issued by the defendant. *Id.* After paying some disability benefits, the defendant insurer informed the plaintiff that he did not qualify for total disability and stopped paying benefits. *Id.* at 202.

The plaintiff filed suit in Oregon Circuit Court and the defendant timely removed the action to the Federal District Court. *Id.* Given the total absence of any legal authority that supported plaintiff's fraud claim, the court was unwilling to recognize such a claim for the first time and granted the defendant's motion to dismiss. *Id.* at 1205. The court was nothing less than emphatic in its disposition of the issue in holding: "the absence of any Oregon state court recognizing the existence of a fraud claim against an insurance company in this context, the court is loath to recognize the existence of such an action at this time."

Like the court in *Pearson*, this court should to "loath to recognize the existence of" a fraudulent misrepresentation claim against a first party insurer that is based on non-payment of benefits. There is no basis in law for it. This is a novel theory of recovery in the context of a first party insurance claims that Plaintiff has put forth, and it should be accordingly dismissed for failing to state a claim upon which relief can be granted.

## VII. CONCLUSION

For the foregoing reasons. Defendant Mobilitas Insurance Company respectfully requests that the Court Dismiss Plaintiff's Complaint because each and every claim therein fails to state a viable claim upon which relief can be granted.

## CERTIFICATE OF COMPLIANCE

This brief complies with the applicable word-count limitation under LR 7-2(b), or because it contains 5,563 words, including headings, footnotes, and quotations, but excluding the caption, table of contents, table of cases and authorities, signature block, exhibits, and any certificates of counsel.

DATED: June 5, 2026

MALONEY LAUERSDORF REINER, PC

By *\/s/ Katie Buxman*

Katie D. Buxman, OSB No. 061452
Email: kb@mlrlegalteam.com
Alexander J. Brunino, OSB No. 173124
Email: ajb@mlrlegalteam.com
Telephone: (503) 245-1518

Attorneys for Defendant Mobilitas Insurance Company

**CERTIFICATE OF SERVICE**

I hereby certify that on June 5, 2026, I served the foregoing DEFENDANT'S MOTION TO DISMISS on the following party at the following address:

Elizabeth M. Pabjanek
Crawley LLP
PO Box 8931
Portland, OR 97207
epabjanek@crawleyllp.com
*Of Attorney for Plaintiff*

☒ by electronic means through the Court's ECF System on the date set forth above.

☐ by mailing a full, true and correct copy thereof in a sealed, first-class postage paid envelope, addressed to the attorneys as shown above, and deposited with the United States Postal Office at Portland, Oregon on the date set forth above.

☐ by emailing to each of the foregoing a copy thereof to the email address above.

MALONEY LAUERSDORF REINER, PC

By Katie Buxman
________________________________
Katie D. Buxman, OSB No. 061452
Email: kb@mlrlegalteam.com
Alexander J. Brunino, OSB No. 173124
Email: ajb@mlrlegalteam.com

Attorneys for Defendant Mobilitas Insurance Company